IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| LETHA RUPERT, | ) | Case No. CV 04-446-S-MHW |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) | **MEMORANDUM DECISION** |
|  | ) | **AND ORDER** |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| ———————————————— | ) |  |

## <u>INTRODUCTION</u>

On September 3, 2004, Plaintiff Letha A. Rupert ("Rupert") filed this action *pro se*

against Defendant United States of America ("United States") challenging an adverse

determination by the Internal Revenue Service at a due process hearing under Sec. 6320 of the

Internal Revenue Code [IRC] as to the appropriateness of a filed Notice of Federal Tax Lien and

under IRC Sec. 6330, as to the appropriateness of the Notice of Levy.  Currently pending before

the Court is the United States' Motion for Summary Judgment (Docket No. 11), filed on

September 15, 2005.[1]

---

[1]  The response was originally due on October 11, 2005.  On October 13, 2005, Plaintiff Letha A. Rupert
filed a Motion for an extension of time to respond to the summary judgment motion.  The Court extended the
response deadline until January 6, 2006 in its Order dated December 19, 2005.  Plaintiff still has not filed a response.
Local Rule 7.1 governs motion practice in the District.  *See Dist. Idaho Loc. R.* 7.1.  When a motion is filed, the non-

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.  The Court finds the United States' motion should be granted based on the following analysis.

# I.
## Background

Rupert, as a sole proprietor, operates a business that employs individuals who provide professional services.  As the employer, Rupert must file Forms 941, Federal Employment Tax Returns and pay the employment taxes reported on the returns.  On March 16, 2004, the Internal Revenue Service ("IRS") sent Rupert a Notice of Intent to Levy and Notice of Your Right to Hearing.  The notice informed Rupert of the IRS's intent to levy to collect her outstanding employment tax liabilities, comprising the Form 941 liabilities for the quarters ending June 30, 2002, September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, and December 31, 2003.  The IRS also sent a Notice of Federal Tax Lien Filing and Your Right to Hearing Under IRC 6320 on the same day.  This notice informed Rupert that a Notice of Federal Tax

---

moving party is allowed twenty-one (21) days in which to file either a response in opposition to the motion or a notice of non-objection.  *Dist. Idaho Loc. R.* 7.1(c)(1) and (a)(5).  The effect of the failure to comply with the rules of motion practice may be deemed to constitute consent to the granting of the motion.  *Dist. Idaho Loc. R.* 7.1(f). However, as this is a motion for summary judgment, the Court will consider the motion on its merits.

Lien had been filed with regard to Form 941 liabilities assessed for the quarters ending March 31, 2003 and June 30, 2003.[2]

Rupert timely submitted a Request for Collection Due Process ("CDP") Hearing.  On July 7, 2004 and July 14, 2004, a Collection Due Process Hearing was conducted by the Appeals Office with Rupert and her attorney, Randal French.  At the hearing, Rupert provided the IRS with more than 60 pages of information on her business and personal expenses, including forms the IRS had requested.   Rupert maintains she also raised several issues at the hearing such as the IRS's alleged violation of the automatic stay provided by 11 U.S.C. § 632 with its inclusion of 2002 tax liabilities in the levy action, Rupert's inability to refinance property as a result of the tax lien, undue hardship, intrusive collection actions, and tax periods included in levy action for which no taxpayer liability exists.  Rupert also requested an installment plan for which she would pay $500 a month.

On August 6, 2004, the IRS issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  In the Notice, the IRS affirmed its prior decision to impose the Notice of Federal Tax Lien and to pursue its proposed collection action.  In addition, the Notice of Determination stated that no installment agreement could be reached because of Rupert's failure to make estimated tax payments for 2003 and 2004.  The Notice of Determination further concluded that Rupert could make payments of $1,400 per month.  The

_____

[2] Two years prior to receiving the Notice of Intent to Levy and Notice of Federal Tax Lien, Rupert had filed Chapter 13 bankruptcy on June 21, 2002.  As part of the bankruptcy process, Plaintiff developed an approved Chapter 13 Plan under which she makes monthly payments to a Chapter 13 Trustee in the amount of $2,125.00. After Rupert filed bankruptcy, the IRS filed a claim as an unsecured creditor in the total amount of $33,958.12 in July 2002, which it later amended to $36,958 to include Taxpayer Form 1040 for 2001 that was filed after the petition.   The claim did not include payroll taxes due on Form 941 for the second quarter of 2002 for which the report was filed after the date of the petition for the months of April, May, and June 2002.

**Memorandum Decision and Order - Page 3**

Notice informed Rupert that she could appeal the IRS's determination by filing a petition with the United States District Court for a redetermination within 30 days from the date of the notice.

On September 3, 2004, Rupert filed her Complaint seeking to prevent the IRS from maintaining its Federal Tax Lien against her property and from potentially taking levy action against her property based on the following grounds: (1) that the IRS abused its discretion in making its determination to file a federal tax lien and to pursue a levy action against Rupert; (2) that the IRS violated 11 U.S.C. § 362; (3) that the IRS lien unjustifiably, continuously, and illegally slanders Rupert's credit; and (4) that the IRS lien is an unjustifiable, illegal cloud on title to all of her property and rights to property.  In the interim, Rupert has begun making voluntary payments in the amount of $500.

## II.
## Judicial Review of the IRS' Levy Determination

Sections 6320 and 6330 of the Internal Revenue Code require the IRS to provide a taxpayer an opportunity to request a hearing, known as a collection due process hearing upon the filing of a notice of federal tax lien or before the issuance of an IRS levy. *See* 26 U .S.C. §§ 6320, 6330. These sections also provide for a limited judicial review of the collection due process hearing. *See* 26 U.S.C. § 6320(c) and § 6330(d).  The Court's review jurisdiction under § 6330(d) is limited to issues properly raised and considered during the collection due process hearing. *See* 26 C.F.R. § 301.6330-1(f)(2), Q-F5 & A-F5; *Konkel v. Commissioner of Internal Revenue*, No. 6:99-CV-10260ORL-31C, 2000 WL 1819417 (M.D.Fla. November 6, 2000).

**Memorandum Decision and Order - Page 4**

Section 6330(c) provides that a person may raise at the collection due process hearing any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. *See* 26 U.S.C. § 6330(c)(2)(A).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. *See* 26 U.S.C. § 6330(c)(2)(B).  During the appeals hearing before the IRS, however, the hearing officer is not required to consider moral, religious, political, and Constitutional issues. *See* 26 C.F.R. § 601.106(b).  In seeking district court review of the determination of the collection due process hearing, the taxpayer can only ask the court to consider an issue that was raised by the taxpayer in the collection due process hearing. *See* 26 C.F.R. § 301.6330-1(f)(2), Q-F5 & A-F5.

In cases where the validity of the underlying tax liability was properly at issue in the collection due process hearing, the administrative determination will be reviewed by the appropriate court on a *de novo* basis. However, where the validity of the underlying tax liability is not properly part of the appeal, the taxpayer may only challenge the determination for an abuse of discretion. *See Geller v. United States*, No. C2-00-1116, 2001 WL 1346669 at *2-3 (S.D.Ohio Sept.26, 2001) (citing H.R. conf. Rep. No. 105-599 at 266 (1998)). The abuse of discretion standard of review is appropriate when a district court reviews an Internal Revenue Service Appeals Officer's determination following a collection due process hearing to permit a levy to issue against a taxpayer's property. *See MRCA Info. Servs. v. United States*, 145

**Memorandum Decision and Order - Page 5**

F.Supp.2d 194, 199 (D.Conn. 2000).  Rupert does not dispute the underlying tax liability in her

Complaint.  Therefore, the appropriate standard of review is abuse of discretion.

**III.**
**Discussion**

**A. First Cause of Action -- Abuse of Discretion**

The Court must consider whether the Appeals Officer's determination that the filings of

the lien and the levy would not result in undue hardship and the Appeals Officer's denial of

Rupert's proposed collection alternative of an installment agreement in the amount of $500 per

month constitutes an abuse of discretion.  Under the abuse of discretion standard, the Court

cannot substitute its judgment for that of the Appeals Officer.  Rather, the issue is whether there

is an adequate basis in law or fact for the Appeals Officer's decision to uphold the Internal

Revenue Service's proposed collection action; the Court is not to determine what collection

action would best serve both the interests of Plaintiff and the Internal Revenue Service. *See*

*United States v. Ruffen*, 780 F.2d 1493, 1495 (9th Cir.), *cert. denied,* 479 U.S. 963 (1986).  Put

another way, a determination will be affirmed unless the Court is left with a 'definite and firm

conviction' that a clear error of judgment has occurred.  *See Wolf v. CIR,* 4 F.3d 709 (9th Cir.

1993), *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

In this instance, The Court does not find that the IRS abused its discretion when it

determined that Rupert would not suffer undue hardship as a result of the lien and the levy.  The

evidence demonstrates the Appeals Officer considered Rupert's arguments and performed the

requisite balancing test analysis.   The Tax Code requires that an IRS Appeals Officer, in making

a final determination after a collection due process hearing, decide "whether any proposed

collection action balances the need for the efficient collection of taxes with the legitimate

concern of the [taxpayer] that any collection action be no more intrusive than necessary." 26

U.S.C. § 6330(c)(3)(C).[3]  In compliance with the statute,  the Appeals Officer balanced the

interest in pursuing the least intrusive method of collection with the need to efficiently

administer the tax laws in the collection of revenue and found that the balance favors the filed

tax lien against Rupert's accounts.  With respect to the levy, the Appeals Officer acknowledged

that a levy is intrusive; however, she determined that Rupert had failed to comply with filing and

payment compliance for her past tax liability.  On this basis, the Appeals Officer determined that

the proposed levy effectively balances the need for efficient collection with the legitimate

concern that the collection action be no more intrusive than necessary.  In light of the facts and

circumstances disclosed by the record, this Court cannot conclude that sustaining of the lien and

the levy in this case is an unjustifiable and arbitrary action or one that has been made without

rational explanation or in departure from established policies, and it is nowhere suggested that

the decision rests on some impermissible basis. This conclusion that the lien and levy should be

sustained might, or might not, be the one reached by this Court if it had conducted Rupert's due

---

[3]  In most cases, reviewing courts have merely affirmed the Appeals Officer's determination that he conducted the balancing test and that he found the results to be consistent with the decision to proceed with levying the property. *See e.g., Jackling v. IRS*, 352 F.Supp.2d 129 (D.N.H.2004); *Elkins v. United States*, No. 4:03-CV-97-1 (CDL), 2004 WL 3187094 (M.D.Ga. Sept.29, 2004).  *Mesa Oil, Inc. v. United States*, No. Civ.A. 00-B-851, 2000 WL 1745280 (D.Colo. Nov.21, 2000) presents a notable exception.  In *Mesa Oil*, the district court, reviewing an IRS Appeals Officer's collection due process hearing and Notice of Determination, remanded the case to the IRS for development of a more complete record and clarification of the reasoning behind the determination that the balancing test was met.  The *Mesa Oil* court expressed its concern that that the Notice of Determination included "no statement of facts, no legal analysis, and no explanation of how or why the proposed levy balanced the need for collection with [the taxpayer's] interests" but merely a "blank recitation of the statute." Id. at *4.  However, as stated above, *Mesa Oil's* decision to remand stands as a clear exception the practice of deferring to an Appeals Officer's balancing analysis.  The Court does not believe the circumstances of this case justify deviating from the standard practice.

**Memorandum Decision and Order - Page 7**

process review and hearing, but even if it were not, the Court would not be free in this appeal to substitute its judgment for that of the IRS.

In addition, based on the evidence before it, the Court does not find the IRS's refusal to afford Rupert the collection alternative of an installment agreement in the amount of $500 per month was clearly erroneous.  The Appeals Officer found that Rupert was not in compliance with her estimated tax payments for the years 2003 and 2004.  Because of this failure, the Appeals Officer advised Rupert that her office could not enter into an installment agreement with Rupert until she make a full payment for her 2003 income tax return and make her 2004 estimated tax payments as the taxpayer must be current on payments for the previous two quarters to be eligible to submit an offer in compromise.  Furthermore, after currently reviewing Rupert's financial records, the Appeals Officer concluded that Rupert could enter into a monthly installment amount of $1,400, rather than $500.  These facts serve as a valid basis for the Appeals Officer's decision to reject Rupert's alternative collection agreement.  Hence, the Appeals Officer's determination in this regard was not an abuse of discretion.

### B. Second Cause of Action --Violation of 11 U.S.C. § 362

The issue Rupert raised at the appeals hearing and also raises in her Complaint is whether the inclusion of the employment tax period ending June 30, 2002 on the Notice of Intent to Levy was a violation of the automatic stay provided by 11 U.S.C. § 362.  Rupert filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 21, 2002.  The Appeals Officer concluded that because the tax period ended after the Rupert's petition date, it is considered a post petition period.  The record states that Rupert was advised in a letter and at the hearing that

the proper procedures has not been followed with respect to the post petition claims. Apparently, Rupert agreed and conceded this issue at the hearing.

However, the United States now acknowledges in its brief that a portion of the employment tax liability was accrued pre-petition, and that this portion should not be included in the IRS levy.  The United States asks the Court to determine the same.  Accordingly, the Court finds that the period ending June 30, 2002 is a pre-petition liability that cannot be included in the IRS levy.  Nonetheless, the Court will not determine whether the inclusion of the period ending June 30, 2002 on the Notice of Intent to Levy was a violation of the automatic stay as Rupert should present this matter in her ongoing bankruptcy case.

### C.  Third and Fourth Cause of Action -- Slander of Credit and Cloud on Title

Rupert also alleges that the IRS lien unjustifiably slanders her credit and precludes her from operating her business.  In addition, Rupert alleges that the federal tax lien is an illegal cloud on title as to all of Rupert's property and her rights to property.  Rupert asks that the lien should be removed on these grounds.  However, the record does not indicate that Rupert raised these issues at the CDP hearing; thus she may not raise them before this Court.  As noted above, Section 6330 only permits a reviewing court to consider those issues properly raised at the CDP hearing.  Thus, the Third and Fourth Cause of Action must be dismissed for lack of jurisdiction.

### IV.
### Conclusion

In sum, the Court does not find that the IRS abused its discretion in sustaining the lien and levy.  Nor did the IRS abuse its discretion in denying Rupert's request for an installment plan as a collection alternative.  Furthermore, the Court could not consider the remaining issues raised

in the Complaint, which Rupert failed to raise at the CDP hearing.  Accordingly, for the

foregoing reasons, the Court will sustain the IRS's Notice of Determination with the exception

that the period ending June 30, 2002 is a pre-petition liability that should not be included in the

IRS levy.

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that** Defendant United States' Motion for Summary Judgment

(Docket No. 11), filed on September 15, 2005, is GRANTED.



**DATED: February 3, 2006**

**Honorable Mikel H. Williams**
**United States Magistrate Judge**